JEFFREY S. EISENBERG (je1430)
Attorney for Plaintiffs
William and Maria Roberts Family
Partnership Ltd., Maria Roberts,
and Bahman Soltani
P.O. Box 2248
Huntington, NY 11743
(516) 614-3002
jse@jeffreyeisenberglaw.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

WILLIAM AND MARIA ROBERTS FAMILY
PARTNERSHIP, LTD., MARIA ROBERTS,
and BAHMAN SOLTANI,

           Plaintiffs,

-against-

STRAIGHTPATH VENTURE PARTNERS, LLC
a/k/a STRAIGHTPATH VENTURE PARTNERS,
INC.,

           Defendant.

----------------------------------------------------------------X

**Civil Action No.**

**VERIFIED COMPLAINT**

**Plaintiffs Demand a Jury Trial**

   Plaintiffs, WILLIAM AND MARIA ROBERTS FAMILY PARTNERSHIP LTD., MARIA ROBERTS, and BAHMAN SOLTANI, by and through their attorney, JEFFREY S. EISENBERG, as and for their Verified Complaint against Defendant, STRAIGHTPATH VENTURE PARTNERS, LLC a/k/a STRAIGHTPATH VENTURE PARTNERS, INC., respectfully sets forth, complains and alleges, the following:

## THE PARTIES

1.      Plaintiff, WILLIAM AND MARIA ROBERTS FAMILY PARTNERSHIP LTD. (the "Roberts Family Partnership"), is a partnership formed under and by virtue of the laws of the State of Texas, with its office located in Houston, Texas.

2.      Plaintiff, MARIA ROBERTS ("Roberts"), is an individual residing in Houston, Texas.

3.      Plaintiff, BAHMAN SOLTANI ("Soltani"), is an individual residing in Houston, Texas.

4.      Roberts Family Partnership, Roberts and Soltani will also be referred to collectively as Plaintiffs.

5.      Defendant, STRAIGHTPATH VENTURE PARTNERS, LLC a/k/a STRAIGHTPATH VENTURE PARTNERS, INC. ("StraightPath"), is a corporation formed under and by virtue of the laws of the State of Delaware, with its principal and corporate office for the conduct of its business located at 25 Broadway, 9th Floor, New York, New York 10004.

## JURISDICTION AND VENUE

6.      This action is commenced pursuant to §§ 20(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and (g)] and §§ 21(d) and (e) of the Exchange Act [15 U.S.C. §§ 78i(d) and (e)] to rescind the transactions complained of herein, to obtain disgorgement, prejudgment interest, legal fees, court costs, punitive damages, and such other and further relief as this Court may deem just and proper.

7.      StraightPath was involved in the offer and sale to all three Plaintiffs of Interests in the fund called SP Ventures Fund 2, LLC (hereafter the "Fund"), which was

designed to purchase IPO stock for Plaintiffs, among others.

8.  Each of these interests are a "security" as that term is defined under § 2(a)(1) 0f the Securities Act [15 U.S.C. § 77b(a)(1)] and § 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)].

9.  StraightPath, directly or indirectly, made use of the mails or the means or Instrumentalities of interstate commerce in connection with the conduct alleged in this Complaint.

10.  This Court has subject matter jurisdiction over this action pursuant to § 22 of the Securities Act [15 U.S.C. §§ 77v], §§ 21(d) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa], and 28 U.S.C. § 1331.

11.  Jurisdiction is also proper in this Court as complete diversity exists in that all three Plaintiffs are residents of Texas, and Defendant StraightPath is a Delaware corporation. The amount sought in this action exceeds $75,000.00.

12.  If applicable, the Court also has pendent jurisdiction over state law claims in this action pursuant to 28 U.S.C. § 1367(a).

13.  Venue in this District is proper because StraightPath is found, inhabits, and/or transacted business in the Southern District of New York, and because one or more acts or transactions constitute violations in the Southern District of New York.

## SUMMARY OF THE ACTION

14.  StraightPath was engaged in soliciting Plaintiffs to purchase securities by unlicensed individuals, and individuals who had submitted a Letter of Acceptance Waiver and Consent ("AWC") to the Securities and Exchange Commission ("SEC") and/or the Financial Industry Regulatory Authority ("FINRA"), and/or had been barred

from selling securities to anyone due to their alleged misconduct.

15. Without telling Plaintiffs that it was unlicensed, that individuals who were dealing with Plaintiffs were unlicensed, and that at least some of these individuals, including its founder submitted an AWC as aforesaid, and/or had been barred from selling securities due to their alleged misconduct, StraightPath solicited plaintiffs to sell them interests in the Fund.

16. While engaged in these solicitations of Plaintiffs, StraightPath was neither registered with the SEC as a broker or dealer nor associated with a broker or dealer registered with the SEC.

17. While engaged in these solicitations of Plaintiffs, StraightPath was neither registered with FINRA as a broker or dealer nor associated with a broker or dealer registered with FINRA.

18. Nevertheless, StraightPath earned commissions and/or other fees that are presently unknown to Plaintiffs.

19. The name of one such unlicensed individual from StraightPath who was involved in the sale of securities to Plaintiffs is Robert Keeler ("Keeler").

20. By engaging in this conduct, as further described herein, StraightPath violated §§ 5(a) and (c) and 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c), 77q(a)(1) and (3)], §§ 10(b) and 15(a)(1) of the Exchange Act [15 U.S.C. §§ 78j(b), 78o(a)(1)], and Exchange Act Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)].

21. StraightPath and its principals, directors and agents knew or should have known that the firm, and all those who were soliciting and eventually making sales of

securities to Plaintiffs, were required to be licensed by the SEC and FINRA.

## FACTS

22.     Beginning approximately sometime in January 2019, unlicensed Individuals, including Keeler, on behalf of StraightPath solicited Plaintiffs to purchase securities, and held itself out as if the firm was a broker or dealer licensed by the SEC and FINRA.

23.     The actions by individuals, representatives and agents as alleged hereinabove were willful, and with the knowledge and consent of the principals, directors and officers of StraightPath.

24.     Thereafter, Plaintiffs each sent money to StraightPath as follows:

   A.     the Family Partnership and Roberts sent a total of $202,500;

   B.     Soltani sent a total of $155,500.

25.     After Plaintiffs became aware that the individuals they had been dealing with at StraightPath, and StraightPath itself, were not licensed with the SEC and/or FINRA, each of them requested rescission of the investments purchased by StraighPath on their behalf.

26.     The requests for rescission were denied.

## DEMAND FOR TRIAL BY JURY

27.     Plaintiffs hereby respectfully request a trial by jury for all claims and issues in their Complaint to which they are or may be entitled to a jury trial.

## FIRST CLAIM FOR RELIEF

### Violations of § 15(a)(1) of the Exchange Act [15 U.S.C. §78o(a)(1)

28.     Plaintiffs reallege and incorporate by reference each and every allegation

in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. By engaging in the conduct described above StraightPath:

    a. engaged in the business of effecting transactions in securities for the account of others;

    b. directly or indirectly made use of the mails or the means or instrumentalities of interstate commerce to effect transactions in or to induce or to attempt to induce the purchase or sale of securities without being registered as a broker or dealer with the SEC or FINRA.

30. As a result of the foregoing conduct, Plaintiffs have been damaged thereby as follows:

    A. the Family Partnership and Roberts in the sum of $202,500;

    B. Soltani in the sum of $155,500.

## SECOND CLAIM FOR RELIEF

### Violations of § 17(a)(1) and (3) of the Securities Act

### [15 U.S.C. §77q(a)(1) and (3)]

31. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. By engaging in the conduct described above, StraightPath directly or indirectly, individually or in concert with others in the offer and sale of securities by use of the means and instruments of transportation and communication in interstate commerce or by use of the mails has:

    a. employed devices schemes or artifices to defraud; and

    b. engaged in transactions practices or courses of business which

operated or would operate as a defraud or deceit.

33. With respect to violations of §§ 17(a)(3) of the Securities Act StraightPath was at least negligent in its conduct.

34. With respect to violations of § 17(a)(1) of the Securities Act, StraightPath engaged in the above-referenced conduct knowingly or with recklessness.

35. By reason of the foregoing, StraightPath violated §§ 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (3).

36. As a result of the foregoing conduct, Plaintiffs have been damaged thereby as follows:

    A.    the Family Partnership and Roberts in the sum of $202,500;

    B.    Soltani in the sum of $155,500.

## THIRD CLAIM FOR RELIEF

### Violations of §§ 10(b) of the Exchange Act

### [15 U.S.C. §78j(b)] and Exchange Act Rule 10b-5(a) and (c)

### [17 C.F.R. § 240.10b-5(a) and (c)]

37. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. By engaging in the conduct described above, StraightPath directly or indirectly, in connection with the purchase or sale of securities, by use of the means and instrumentalities of interstate commerce or by use of the mails has:

    a.    employed devices schemes or artifices to defraud; and

    b.    engaged in transactions practices or courses of business which operated or would operate as a defraud or deceipt upon purchasers prospective

purchasers and other persons, including Plaintiffs.

39. StraightPath engaged in the above-referenced conduct knowingly or with severe recklessness.

40. By reason of the foregoing, StraightPath violated § 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)].

41. As a result of the foregoing conduct, Plaintiffs have been damaged thereby as follows:

    A. the Family Partnership and Roberts in the sum of $202,500;

    B. Soltani in the sum of $155,500.

## FOURTH CLAIM FOR RELIEF

### *Respondeat Superior*

42. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. *Respondeat Superior* is a legal doctrine that holds an employer or principal legally responsible for the wrongful acts of an employee or agent, if such acts occur within the scope of the employment or agency.

44. The wrongful acts complained of herein were executed, performed or done by employees or agents of StraightPath, including Keeler.

45. As a result of the foregoing conduct, Plaintiffs have been damaged thereby as follows:

    A. the Family Partnership and Roberts in the sum of $202,500;

    B. Soltani in the sum of $155,500.

## FOR ALL CLAIMS

46. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. As a result of the foregoing conduct, Plaintiffs also request:

   a. Reasonable attorneys' fees;

   b. Court costs and disbursements;

   c. punitive damages; and

   d. such other and further relief as this Court may deem just and proper.

Dated: Huntington, New York
November 22, 2019

                                        Respectfully submitted,

                                        By: _____
                                        JEFFREY S. EISENBERG (je1430)
                                        P.O. Box 2248
                                        HUNTINGTON, NY 11743
                                        Phone: (516) 614-3002
                                        E-mail: jse@jeffreyeisenberglaw.com

                                        *Attorney for Plaintiffs William and Maria*
                                        *Roberts Family Partnership Ltd., Maria*
                                        *Roberts, and Bahman Soltani*

To:   StraightPath Venture Partners, LLC
      a/k/a StraightPath Venture Partners, Inc.
      Defendant

      Clerk,
      United States District Court,
      Southern District of New York
      *(For Filing Purposes)*

## INDIVIDUAL VERIFICATION

STATE OF TEXAS )
) ss.:
COUNTY OF HARRIS )

BAHMAN SOLTANI, being duly sworn, deposes and says:

I am one of the plaintiffs in the within action; I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

Bahman Soltani
BAHMAN SOLTANI

Sworn to before me this
22nd day of November, 2019

Notary Public

LUIS DANIEL ACOSTA
Notary ID #128770570
My Commission Expires
October 25, 2022

## VERIFICATION

STATE OF TEXAS         )
                       ) ss.:
COUNTY OF HARRIS       )

MARIA ROBERTS, being duly sworn, deposes and says:

I am the authorized representative of the plaintiff, William and Maria Roberts Family Partnership in the within action; I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
MARIA ROBERTS

Sworn to before me this
22th day of November, 2019

_____
Notary Public

GIACOMO MOSCA
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 1/19/2020
NOTARY ID 13050080-7

## INDIVIDUAL VERIFICATION

STATE OF TEXAS       )
                     ) ss.:
COUNTY OF HARRIS     )

MARIA ROBERTS, being duly sworn, deposes and says:

I am one of the plaintiffs in the within action; I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_Maria Roberts_
MARIA ROBERTS

Sworn to before me this
22nd day of November, 2019

_____
Notary Public

GIACOMO MOSCA
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 1/19/2020
NOTARY ID 13050060-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM AND MARIA ROBERTS FAMILY
PARTNERSHIP, LTD., MARIA ROBERTS,
and BAHMAN SOLTANI,

                                Plaintiffs,

    -against-

STRAIGHTPATH VENTURE PARTNERS, LLC
a/k/a STRAIGHTPATH VENTURE PARTNERS,
INC.,

                                Defendant.

---

## VERIFIED COMPLAINT

---

JEFFREY S. EISENBERG (je1430)
Attorney for Plaintiffs
William and Maria Roberts Family
Partnership Ltd., Maria Roberts,
and Bahman Soltani
P.O. Box 2248
Huntington, NY 11743
(516) 614-3002
jse@jeffreyeisenberglaw.com